IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CLERK US DISTRICT & BANKRUPTCY COURTS FOR DC

2025 MAR 24 P 9: 29

RECEIVED

| | |
|---|---|
| STEVEN FLOYD, JOLENE FURDEK, and JONATHAN RYAN, on behalf of themselves and all others similarly situated,<br><br>   *Plaintiffs*,<br><br>v.<br><br><br><br><br><br>AMAZON.COM, INC., a Delaware corporation, and APPLE INC., a California corporation,<br><br>   *Defendants*. | Misc. Case No.:<br><br><br><br>U.S. DISTRICT COURT FOR THE WESTERN DISTRICT OF WASHINGTON<br><br>W.D. Wash. Case No. 2:22-cv-01599-KKE<br><br>***REDACTED*** |

## APPLE INC.'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO COMPEL COMPLIANCE WITH THIRD-PARTY SUBPOENA OR, IN THE ALTERNATIVE, TO TRANSFER

Apple Inc. ("Apple") faces a putative antitrust class action in the U.S. District Court for the Western District of Washington. Third party Comscore, Inc. ("Comscore") has documents and data highly relevant to Apple's defense. Apple properly subpoenaed those materials. Without a viable basis, Comscore opposes production. Apple asks this Court to enforce the subpoena under Federal Rules of Civil Procedure 37 and 45 and the Local Rules of this Court. In the alternative, Apple asks the Court to transfer this motion to the Western District of Washington under Rule 45(f) for resolution by the court overseeing the underlying dispute.

## I. BACKGROUND

### A. Apple faces a putative antitrust class action involving the sale of iPhones and iPads.

Multiple individuals ("Plaintiffs"), seeking to represent a proposed class of consumers, allege that a distribution agreement between Apple and Amazon.com, Inc. ("Amazon") has harmed competition for the purchase of new tablets and smartphones on "online marketplaces." *See* Second Am. Class Action Compl., *Floyd v. Amazon.com, Inc. et al.*, No. 2:22-cv-01599-KKE (W.D. Wash. May 7, 2024), ECF No. 99.[1] Plaintiffs allege that the agreement has the effect of limiting resellers of new Apple iPhones and iPads on Amazon.com, leading to reduced competition and higher prices. *See, e.g., id.* ¶¶ 3–7, 60–70.

### B. Apple subpoenas Comscore for consumer-shopping documents on a sufficient-to-show basis in order to bolster its defenses.

In October 2024, Apple issued a Rule 45 subpoena to Comscore. Declaration of Aaron P. Brecher, Ex. A. That subpoena sought just six categories of documents on a limited sufficient-to-show basis, all of which are necessary for Apple's defense and standard requests to third parties in antitrust cases:

- Documents sufficient to show the total volume of sales of smartphones and tablets, by product and retailer, on a monthly basis or, in the alternative, at the most granular level available.

- Documents sufficient to show quarterly retail prices, discounts, and promotions of Products, by product and retailer, on a period basis.

- Documents sufficient to show Comscore's view of the competitive landscape for the sale of smartphones and tablets, including surveys, analyses, data, or reports on the competitive landscape.

- Documents sufficient to show customer purchasing patterns and preferences for new smartphones and tablets over used products.

---

[1] Citations to the docket in the underlying litigation will be to "*Floyd* Docket."

- Documents sufficient to show customers' preferences for unlocked cell phone products (which can be used with more than one service provider) over locked cell phone products.

- Documents sufficient to show the prevalence of counterfeit smartphones and tablets throughout the supply chain.

*See id.* at 2–3, 7.

### C.  Comscore erroneously claims that it has no responsive documents.

On January 8, 2025, Comscore formally responded to the subpoena. As to each document request, Comscore responded that "it has no documents to produce ...." *Id.*, Ex. B at 6–10.[2]

Comscore's responses are inaccurate. Comscore's business is in fact to maintain data that allows Comscore to generate reports providing, for instance, ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ Brecher Decl. Ex. E. Apple knows that Comscore maintains this information because ▓▓▓▓▓▓▓▓▓▓ ▓▓▓▓▓▓▓▓▓▓ under the terms of an agreement between the companies. *See id.*, Ex. C. ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ ▓▓▓▓▓▓▓▓ *Id.* § 3. ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ *See id.*, Ex. E.; *see also id.*, Ex. D a 1, 9 (▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓). It is thus clear that Comscore can provide documents reflecting data going back much further than its claimed 90-day retention period. *See infra*, at 4. And it is likely that Comscore has documents reflecting similar information about iPhones and

---

[2] As Comscore's objections show, Apple also served a deposition subpoena. Apple reserves the right to seek a deposition from Comscore depending on what any documents produced following this motion reveal.

iPads, and Comscore has never contended otherwise.

Apple and Comscore met and conferred multiple times under Federal Rule 37(a)(1) and Local Civil Rule 7(m) about reaching a reasonable compromise under which Comscore would expand Apple's license to allow Apple to use information from Comscore in the *Floyd* litigation, and for Comscore to ███████████████████████████████████████ ███████████████████████████████████████ Perplexingly, and contrary to the reports Apple has purchased from Comscore in the ordinary course, Comscore claims for purposes of Apple's subpoena that, because its "raw data" goes back only 90 days, it has no data to produce, and that confidentiality obligations to third parties preclude expanding the scope of Apple's license.[3] *Id.*

## II.  ARGUMENT

### A. Because Comscore has highly relevant consumer-shopping documents and data within its possession, the Court should enforce the narrowly tailored subpoena.

Comscore has materials within its custody, possession, or control that are responsive to Apple's subpoena. Those materials are highly relevant to Apple's defense of the antitrust claims against it. Comscore's conclusory objections fall short. The Court should thus compel Comscore to produce the limited information requested in Apple's subpoena.

First, despite its representations to the contrary, Comscore indeed has documents and data responsive to Apple's subpoena. As Exhibit E to the Brecher Declaration reflects, Comscore has ███████████████████████████████████████ ███ at issue in *Floyd*. It is exceedingly likely that Comscore has documents reflecting similar

---

[3] If the parties can reach such a compromise before this motion is ripe for decision, Apple will withdraw the motion.

-4-

information about iPhones and iPads, and Comscore has not said otherwise. Indeed, Comscore's website trumpets its ability to help "clients understand how consumers use web and retailer site search upstream of online purchases" and "understand the shopping behaviors of" clients' "target consumers."[4]

Second, Comscore's information about consumer behavior is central to the legal issues in the *Floyd* litigation. If Comscore's reports show, for instance, that consumers have a range of purchasing options for iPhones and iPads, and that they often purchase those products outside Plaintiffs' alleged relevant markets,[5] it would undermine the *Floyd* Plaintiffs's claims. Such reports would undercut Plaintiffs' alleged relevant markets, a core element of any antitrust case evaluated under the rule of reason (as in this case), and call into serious question Plaintiffs' allegations on anticompetitive effects and damages. That is why courts in this District (and elsewhere) have routinely overruled similar objections lodged by third parties and granted motions to compel in antitrust cases seeking to obtain highly relevant information going to the court's ability to assess the proper market definition. *See, e.g., FTC v. Staples, Inc.*, 2016 WL 4194045, at *2–3 (D.D.C. Feb. 26, 2016) (compelling, in antitrust dispute, third-party Amazon to produce additional documents regarding sales forecasts and breakdowns of spending across various product categories by top Fortune 500 companies served by Amazon); Minute Order, *United States v. AB Electrolux*, No. 1:15-cv-01039-EGS (D.D.C. Sept. 8, 2015) (order compelling, in any antitrust case, third-party Samsung to produce "documents sufficient to identify Samsung's products" and

---

[4] *See* https://www.comscore.com/Case-Studies/Understand-the-Shopping-Behaviors-of-Your-Target-Consumers.

[5] Plaintiffs principally allege that the relevant market includes online marketplaces like Amazon.com, Walmart, and eBay. *See* Second Am. Class Action Compl. ¶ 77, *Floyd* Docket (May 7, 2024), ECF No. 99. Plaintiffs alternatively allege a relevant market that also includes online "one-stop shops" such as Best Buy and Staples. *See id.* ¶ 136.

"strategic plans and other competition analyses from 2013–2018," including documents about "all appliances listed in the subpoena, not only cooking appliances"); *Meijer, Inc. v. Warner Chilcott Holdings Co., III, Ltd.*, 245 F.R.D. 26, 31 (D.D.C. 2007) (granting motion to compel production of sales and pricing data for contraceptives beyond the particular contraceptive at issue based on its relevance to a pharmaceutical company's defense involving market definition in an antitrust case); *FTC v. Kroger Co.*, 2024 WL 3400098, at *3 (D. Or. July 12, 2024) (granting motion to compel, in an antitrust case, deposition of third-party Target when "the limited deposition topics relate to the scope and dynamics of the grocery market industry, which are relevant to the market definition and alleged anticompetitive effects at issue"). Underscoring the relevance of responsive documents and data, Apple's requests indeed closely track several of the Department of Justice's model discovery requests for antitrust cases. *See* DOJ Model Requests, Nos. 9, 11, 18, 19, and 20.[6]

Third, that Comscore asserts that it may have confidentiality obligations or certain licensing restrictions imposed by third parties does not absolve its obligation to comply with Apple's subpoena. Court after court has explained that "Rule 45 uses the disjunctive 'or,' and a party who has *any* of 'possession, custody, or control' must comply with a properly issued subpoena." *In re Motion to Compel Compliance with Subpoena Directed to Cooke Legal Grp., LLC*, 333 F.R.D. 291, 295 (D.D.C. 2019) (rejecting claim that responsive documents in a subpoena recipient's actual possession need not be produced because they belonged to someone who not given permission for their production); *see also Walls v. Paulson*, 250 F.R.D. 48, 51 (D.D.C. 2008) ("[F]ederal courts have consistently held that documents are deemed to be within the 'possession, custody or control' … if the party has *actual* possession, custody or control, or has the legal right to obtain the documents on demand." (brackets and emphasis in original)).

---

[6] See https://www.justice.gov/atr/file/706636/dl?inline=.

Nor is the date range in the subpoena—January 2018 to the present—unreasonable or disproportional to the needs of the case given the *Floyd* Plaintiffs' claims. *Cf.* Fed. R. Civ. P. 26(b)(1) (allowing discovery on "any unprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case …."). In *Floyd*, the allegedly anticompetitive agreement at issue between Apple and Amazon is from October 2018. To rebut Plaintiffs' allegations, information about the actual, real-world market for iPhones and iPads from both before and after that agreement is relevant.

Here, Comscore has data that it can readily query and produce on a sufficient-to-show basis in its actual possession directly relevant to Apple's defenses. Though Comscore frets over the burden associated with producing that information, it has yet to quantify that burden to these targeted sufficient-to-show requests or any particular compensation it requests as a condition of complying with the subpoena. Nor has Apple expressed an unwillingness to reasonably compensate Comscore for any burden it faces. The Court should thus enforce the subpoena and order Comscore to provide the relevant information it possesses.

### B.  In the Alternative, the Court should transfer the motion to the Western District of Washington.

Alternatively, the Court has authority under Rule 45(f) to transfer this motion to the Western District of Washington for resolution by the Honorable Kymberly Evanson.

Rule 45(f) provides that, when the court where compliance is required did not issue the subpoena, that court may transfer a motion to the issuing court if the subpoena recipient consents or if the court finds exceptional circumstances. Fed. R. Civ. P. 45(f). After the transfer, the court where the underlying action is pending will decide the motion. *See id.* "[T]ransfer may be warranted in order to avoid disrupting the issuing court's management of the underlying litigation." *Princeton Alternative Funding, LLC v. SEC*, 2023 WL 4542992, at *1 (D.D.C. June 6, 2023) (quoting Fed. R. Civ. P. 45(f), advisory committee's note to 2013 amendment). In deciding whether to transfer, the court where compliance is required considers which court is best situated to rule on the motion. Courts tend to transfer when the case is mature and the underlying court is already acquainted with the relevant facts and law. *See Wultz v. Bank of China, Ltd.*, 304 F.R.D. 38, 46 (D.D.C. 2014) (transferring a motion when the presiding judge was in "a better position to rule on the [motion] due to her familiarity with the full scope of issues involved as well as any implications the resolution of the motion will have on the underlying litigation"); *see also In re Nonparty Subpoena Duces Tecum*, 327 F.R.D. 23, 25 (D.D.C. 2018) (transferring a motion that "rests on factual and legal developments that the underlying court will be in a better position to manage").

If the Court chooses not to rule on the substance of the motion, then transfer is appropriate. This case presents exceptional circumstances and Comscore faces no prejudice from litigating in Washington. The underlying litigation has been pending since November 2022. *See* Compl., *Floyd* Docket (Nov. 9, 2022), ECF No. 1. Fact discovery closes on April 14, 2025. And within that span,

Judge Evanson has already adjudicated several discovery disputes and disputes related to the pleadings, including one related to the provisions of the operative protective order. *See, e.g.*, Order on Disputes Regarding Protective Order, *Floyd* Docket (Dec. 15, 2023), ECF No. 77; Order on Defendants' Motion to Compel, *Floyd* Docket (Mar. 7, 2025), ECF No. 196; Order on Discovery Disputes, *Floyd* Docket (Feb. 13, 2025), ECF No. 193; Order Granting Leave to Amend Compl., *Floyd* Docket (May 6, 2024), ECF No. 98. In one such order, Judge Evanson granted Apple's motion to compel discovery from one of the Plaintiffs, agreeing with Apple's argument that discovery requests related to "the definition of the relevant market," and "whether households with Amazon Prime memberships are 'locked in' to purchasing products from Amazon" are "relevant to [Apple's] defenses." Order Granting Motion to Compel at 6, *Floyd* Docket (Aug. 16, 2024), ECF No. 132. She has thus already recognized that discovery related to consumer purchasing and market definition bear directly on Apple's defenses. And, as a result of deciding those disputes, Judge Evanson is well acquainted with the factual and legal issues that bear on the relevance and need for Comscore's information. Nor has Comscore identified any undue burden from proceeding in the Western District of Washington.

Other than granting this motion to compel outright, transferring the motion is the only efficient way to resolve Apple's dispute with Comscore. Because exceptional circumstances warrant that relief, the Court should transfer this matter to the Western District of Washington to be decided by Judge Evanson if it does not grant the motion.

## III. CONCLUSION

For these reasons, Apple requests that the Court grant the motion and enter an order compelling Comscore to produce the requested information within 3 business days of the Order. Alternatively, the Court should transfer this motion to the Western District of Washington. A

proposed order is attached.

Dated:  March 24, 2025              Respectfully Submitted,

                                        ORRICK, HERRINGTON & SUTCLIFFE LLP

By: *s/ Diana S. Fassbender*
Diana S. Fassbender (Bar ID: 996625)
2100 Pennsylvania Avenue NW
Washington, D.C. 20037
T: (202) 339-8400
F: (202) 339-8500
dszego@orrick.com

Eric S. Hochstadt (*Pro Hac Vice* Forthcoming)
51 West 52nd Street
New York, NY 10019
T: (212) 506-5000
F: (212) 506-5151
ehochstadt@orrick.com

Aaron P. Brecher (*Pro Hac Vice* Forthcoming)
401 Union Street, Suite 3300
Seattle, WA 98101
T: (206) 839-4300
F: (206) 839-4301
abrecher@orrick.com

*Attorneys for Apple Inc.*